IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AMANDA MCMILLION-TOLLIVER,

        Plaintiff,

v.                                           CIVIL ACTION NO.   2:13-cv-29533

C. O. ALVIN KOWALSKI, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant West Virginia Regional Jail and Correctional Facility Authority's Partial Motion to Dismiss [Docket 5]. For the reasons stated below, the motion is **GRANTED** with respect to claims for money damages under Article III of the West Virginia Constitution and **DENIED** otherwise.

**I. Background**

This case arises out of alleged sexual harassment and abuse of the plaintiff while she was incarcerated at the Southern Regional Jail in Raleigh County, West Virginia. The Complaint alleges the following facts. Officer Kowalski and Officer Wilson directly supervised the plaintiff and "sexually harassed her and made sexually exploitative comments to her." (Compl. [Docket 1-1], ¶ 2). The officers also "made remarks . . . seeking sexual favors and engaged in acts of sexual abuse[] . . . ." (*Id.*). Chief Correctional Officer Lt. Bunting supervised Officers Kowalski and Wilson, and he was "deliberately indifferent" to their inappropriate conduct. (*Id.* ¶ 4). Officer Bunting "frequently ignored and concealed incident reports, investigative reports, and female

inmate allegations of staff sexual assault." (*Id.*). Sexual harassment and abuse of female inmates was "pervasive under Bunting's watch." (*Id.*).

The plaintiff brings an amalgamation of tort, statutory, and constitutional claims for damages against Officer Kowalski, Officer Wilson, Officer Bunting, the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA"), and unknown "John Doe" defendants. In the instant motion, WVRJCFA seeks dismissal of all claims premised on respondeat superior. Additionally, WVRJCFA seeks dismissal of claims for damages brought pursuant to Article III of the West Virginia Constitution.

**II. Legal Standard**

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court stated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677-78. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

### III. Analysis

WVRJCFA's motion is based on two separate arguments. First, WVRJCFA argues that it cannot be vicariously liable under the theory of respondeat superior because, taking the Complaint as true, all of the correctional officer defendants were acting outside of the scope of their employment. Second, WVRJCFA contends that it cannot be sued for damages for violations of Article III of the West Virginia Constitution because the legislature has not enacted a statute providing for monetary damages for its violations. I address each argument in turn.

#### A. Respondeat Superior Allegations

Several of the plaintiff's claims against WVRJCFA appear to be grounded in the theory of respondeat superior. WVRJCFA argues that defendants Kowalski, Wilson, Bunting, and Doe were acting outside of the scope of their employment when they engaged in sexual misconduct and a conspiracy to cover it up. (*See* Mem. of Law in Supp. of WVRJCFA's Partial Mot. to Dismiss [Docket 6], at 6).

For reasons appearing to the court, WVRJCFA's motion to dismiss allegations premised on respondeat superior is **DENIED**.

#### B. Claims for Damages under Article III of the West Virginia Constitution

WVRJCFA argues that the plaintiff's claims for money damages for violations of rights under the West Virginia Constitution should be dismissed. WVRJCFA contends that there is no corresponding statute which provides a private right of action for violations of Article III of the

3

West Virginia Constitution. The Supreme Court of Appeals of West Virginia has held that the remedies available to a plaintiff "brutalized by state agents while in jail or prison" consist of the following:

> (a) A reduction in the extent of his confinement or his time of confinement;
>
> (b) Injunctive relief, and subsequent enforcement by contempt proceedings, including but not limited to, prohibiting the use of physical force as punishment, requiring psychological testing of guards, and ordering guards discharged if at a hearing they are proved to have abused inmates;
>
> (c) A federal cause of action authorized by 42 U.S.C. § 1983; and
>
> (d) A civil action in tort.

*Harrah v. Leverette*, 271 S.E.2d 322, 324 (W. Va. 1980). The *Harrah* court did not include a cause of action under the state constitution for money damages among the remedies it listed. Without an independent statute authorizing money damages for violations of the West Virginia Constitution, the plaintiff's claim must fail. A recent decision by Judge Copenhaver is in accord with this position. *See Smoot v. Green*, No. 2:13-10148, 2013 WL 5918753, at *4-5 (S.D. W. Va. Nov. 1, 2013) (Copenhaver, J.) ("Inasmuch as the decision in *Harrah* does not contemplate a damages award for Article III violations in this setting, it is ORDERED that, to the extent the claims under Article III seek monetary relief, they be, and hereby are, dismissed."). Accordingly, the plaintiff's claims for monetary damages under Article III of the West Virginia Constitution are **DISMISSED**.

### IV. Conclusion

For the reasons stated above, the defendant's motion for partial dismissal [Docket 5] is **GRANTED** with respect to claims for money damages under Article III of the West Virginia

Constitution and **DENIED** otherwise. The plaintiff's claims for monetary damages under Article III of the West Virginia Constitution are **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 1, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE